Harry G. Herman, S.
The application by the attorneys for the committee of the widow of decedent for payment from decedent’s estate of the reasonable value of legal services rendered in behalf of the committee is denied without prejudice to an appropriate application in a proper forum for the payment thereof from the estate of the incompetent. Although in most respects unsuccessful in sustaining objections interposed by the committee to the account of the executor, such attorneys succeeded in obtaining a determination by the Appellate Division that the committee of decedent’s widow rather than the estate of the deceased husband was the owner of one half of the proceeds of the cash deposit of $4,000 made to a joint account in the name of the decedent and his wife (Matter of Otte, 15 A D 2d 819).
The attorneys for such committee were therefore successful in recovering from the estate of decedent for the benefit of the estate of such incompetent the sum of $2,000 and the estate of the incompetent has benefited accordingly at the expense of the estate of decedent.
Under these circumstances the Surrogate is without authority to charge the estate of decedent with the legal expenses incurred in recovering said sum from the estate of decedent. The Surrogate may not direct payment of said services from the funds so recovered by the attorneys for the committee since such amount has been determined to be not an estate asset. Moreover, the legal services rendered for which payment is now sought did not benefit the estate of the decedent and payment of such fees must therefore be sought from the committee of decedent’s widow.